UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Joseph Harden, | ) C/A No. 6:18-cv-01057-DCC |
|---|---|
| Petitioner, | ) |
| vs. | ) |
| | ) ORDER |
| B. M. Antonelli, | ) |
| Respondent. | ) |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On May 24, 2018, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a return. ECF No. 14. Petitioner filed objections to the Report. ECF No. 16.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v.*

*Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Petitioner brings this action pursuant to 28 U.S.C. § 2241 attacking the validity of his sentence. Generally, a petitioner's § 2241 action attacking his sentence is barred unless he can demonstrate that the relief available to him under 28 U.S.C. § 2255 is inadequate or ineffective. *See* 28 U.S.C. § 2255(e).

The Fourth Circuit Court of Appeals recently held that § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citing *In re Jones*, 226 F.3d 328. 333–34 & n.3 (4th Cir. 2000)).

The Magistrate Judge recommended summary dismissal because Petitioner failed to plausibly allege that subsequent to his direct appeal and first § 2255 motion, there was any substantive change in that law that was deemed to apply retroactively on collateral review. The Court agrees.

In his objections, Petitioner argues that the Fair Sentencing Act of 2010 ("FSA")

changed the sentence calculation and mandatory minimums for crack cocaine convictions. ECF No. 16 at 1. Petitioner contends that the FSA became retroactive on November 11, 2011. *Id*. at 2. However, the Fourth Circuit Court of Appeals has specifically stated that the FSA is not retroactive for petitioners who were sentenced before the effective date of the FSA. *U.S. v. Black*, 7374 F.3d 280, 283–84 (4th Cir. 2013). Here, it is undisputed that Petitioner was sentenced before the FSA's 2010 effective date. *See* ECF No. 1 at 1 (Petitioner lists his sentencing date as May 28, 1992). Accordingly, Petitioner cannot meet the requirements under *Wheeler* and his objection is overruled.

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopt the Magistrate Judge's recommendation. The Petition is dismissed without prejudice and without requiring the Respondent to file a return.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 3, 2018
Spartanburg, South Carolina